# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3430 | **DATE** | 7/11/12 |
| **CASE TITLE** | Kennado Taylor (#M-25370) vs. Dr. Matthews Kameron, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motions for leave to proceed *in forma pauperis* [document nos. 12, 14, and 15] are granted. The initial partial filing fee is waived; however, the court authorizes and orders the trust fund officer at the plaintiff's place of confinement to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. Summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. The court hereby appoints Stephen J. Landes and Colin O'Donovan of Edwards, Wildman, Palmer, LLP, 225 West Wacker Drive, Suite 3000, Chicago, Illinois 60606-1229, (312) 201-2000 to represent the plaintiff. The court thanks Messrs. Landes and O'Donovan for taking on this additional obligation. Summonses shall not issue at this time; counsel shall advise the court whether summonses shall issue in this matter, or whether counsel plans to file a consolidated amended complaint in *Taylor v. Doe*, Case No. 11 C 2016 (N.D. Ill.).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by using excessive force against him and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he was maced for no reason when he demanded psychiatric care, and that he received inadequate care for a resulting eye infection.

The plaintiff's renewed motions for leave to proceed *in forma pauperis* are granted. Because the plaintiff currently has a negative balance in his prison trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the plaintiff's trust fund officer is directed to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the **(CONTINUED)**

mjm

**STATEMENT (continued)**

Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action against the defendants. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). The U.S. Court of Appeals for the Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *see also Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). Furthermore, unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012). The plaintiff may therefore proceed on his claims.

However, summonses shall not issue at this time. Stephen J. Landes, plaintiff's appointed counsel in his three pending 2011 cases, has graciously agreed to take on the plaintiff's latest two cases as well. Accordingly, Stephen J. Landes, Edwards / Wildman, Palmer, LLP / 225 West Wacker Drive, Suite 3000 / Chicago, Illinois 60606-1229 / (312) 201-2000 is appointed to represent the plaintiff. Counsel shall advise the court whether summonses shall issue in this matter at this time, or whether counsel anticipates filing a consolidated amended complaint in *Taylor v. Doe*, Case No. 11 C 2016 (N.D. Ill.). The court thanks Stephen Landes and Colin O'Donovan for assuming this additional *pro bono* obligation.